O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-597 PSG (MLGx) | | Date | March 26, 2010 |
|---|---|---|---|---|
| Title | Fourcade & Hecht Wine Selections, Inc. v. Albatrans, Inc. | | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

|  Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order REMANDING Case to State Court**

I.      Background

On December 31, 2009, Plaintiff Fourcade & Hecht Wine Selections, Inc. ("Plaintiff") filed this action in Los Angeles County Superior Court against Defendant Albatrans, Inc. ("Defendant"). The complaint alleges that Plaintiff, a wine broker, contracted with Defendant, a wine shipper, "to transport and ship 1,223 cases of fine wines aboard the Lisbon Express, a shipping vessel, to arrive in Los Angeles, CA, on or about July 12, 2009." *See Notice of Removal*, Ex. A. Plaintiff claims that Defendant "failed to exercise due care and diligence in the shipment" and that, as a result, four hundred fifty-nine cases of the wine were damaged. *See id.* Based on these allegations, the complaint asserts one cause of action for negligence resulting in property damages of $31,862.79. *See id.*

On January 27, 2010, Defendant removed the action to this Court on federal question grounds. *See Notice of Removal* ¶ 4. On March 1, 2010, the Court issued an order to show cause ("OSC") why the action should not be remanded to state court. The OSC stated that "[r]emoval is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, but it appears that the claims may not 'arise under' federal law." *See March 1, 2010 OSC.* On March 15, 2010, Defendant filed a response to the OSC ("Response").

II.      Legal Standard

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-597 PSG (MLGx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | Fourcade & Hecht Wine Selections, Inc. v. Albatrans, Inc. | | |

If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Where jurisdictional facts are not challenged, "the court may still insist that the jurisdictional facts be established or the case be dismissed." *Id.* at 567. If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.*

III.     Discussion

A.     Actions "Arising Under" Federal Law

Actions "arising under" federal law include "'only those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *See Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement,* 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). The latter basis for jurisdiction arises "when a federal court determines that 'a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005)).

Thus, "[i]n scrutinizing a complaint in search of a federal question, a court applies the well-pleaded complaint rule." *Ansley v. Ameriquest Mortg. Co.,* 340 F.3d 858, 861 (9th Cir. 2003). "For removal to be appropriate under the well-pleaded complaint rule, a federal question must appear on the face of a properly pleaded complaint." *Id.* The existence of a federal defense—even the defense of preemption—is normally not enough to justify removal to federal court. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-597 PSG (MLGx) | | Date | March 26, 2010 |
|---|---|---|---|---|
| Title | Fourcade & Hecht Wine Selections, Inc. v. Albatrans, Inc. | | | |

An exception to the "well-pleaded complaint" rule, however, arises under the doctrine of "complete preemption," which recognizes that the preemptive force of some federal statutes is so strong that they completely preempt an area of state law. *See Ansley,* 340 F.3d at 861-62. "In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* at 862. State claims deemed to have been "completely preempted" by federal claims are properly removed to federal court. *See In re Miles,* 430 F.3d 1083, 1088 (9th Cir. 2005). The Ninth Circuit, however, has emphasized that complete preemption arises only in "extraordinary" situations and that "[t]he test is whether Congress clearly manifested an intent to convert state law claims into federal-question claims." *Ansley,* 340 F.3d at 862 (internal quotations omitted).

B.      Whether Plaintiff's Claim "Arises Under" Federal Law

Defendant contends that Plaintiff's negligence claim "arises under" at least one of three federal laws: the Carriage of Goods by Sea Act (46 U.S.C. § 30701) ("COGSA"), the Harter Act (46 U.S.C. § 30701), and the United States Shipping Act (46 App. U.S.C. § 1701). Defendant admits that the complaint makes no mention of these laws. *See Notice of Removal* ¶ 3. Notably, too, Defendant does not attempt to argue that "federal law creates the cause of action" here or that Plaintiff's negligence claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *See Williston,* 524 F.3d at 1100. Rather, Defendant appears to argue that "allegations of the carriage of cargo by water to a United States port are sufficient to allow for the removal of [this] action," *Response* 3:22-26, since those allegations "bring the [aforementioned] statute[s] into play," *id.* at 5:18-21. In essence, then, Defendant contends that Plaintiff's claim "arises under" federal law because it is "completely preempted" under the federal statutes cited. Defendant cites *Commonwealth of Puerto Rico v. Sea-Land Service, Inc.,* 349 F. Supp. 964 (D.P.R. 1970), as its principal authority.

The Court determines, however, that *Sea-Land Service* does not support Defendant's contention. In fact, the basis for removal in that case was not the federal question statute (28 U.S.C. § 1331), under which the issue of "complete preemption" arises, but 28 U.S.C. § 1337, which concerns the district courts' original jurisdiction of claims arising under an act of Congress regulating commerce. *See Sea-Land Service*, 349 F. Supp. at 972-74. As the *Sea-Land Service* court explained:

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-597 PSG (MLGx) | Date | March 26, 2010 |
|----------|----------------------|------|----------------|
| Title | Fourcade & Hecht Wine Selections, Inc. v. Albatrans, Inc. | | |

> In an effort to avoid the removal of this cause, the plaintiff cites various cases in support of its contention that the complaint herein does not present a claim or right arising under the constitution, treaties or laws of the United States.  Plaintiff's contention seems to be based on the fact that defendant's basis for removal is the "federal question" statute 28 U.S.C.A. § 1331.  The cases cited by plaintiff so confirm. These cases hold that plaintiff is the master of his cause of action; that in order for a federal question to be present as to grant removal it has to be well pleaded and that a case is not removable where the complaint states a non-federal claim. This would be applicable if the only basis for removal in defendant's Petition were the federal question statute, 28 U.S.C.A. § 1331, but the plaintiff seems to overlook the fact that defendant's main removal argument is that this is a civil case in which certain laws involving commerce have to be interpreted because the whole cause of action arises out of them. Section 1337, and not 28 U.S.C.A. § 1331, is the main removal basis in this case.

*Id.* at 973-74.  As the court then noted, "Sections 1331 and 1337 are independent grounds of federal jurisdiction."  *Id.* at 974.

Here, Defendant makes no mention of 28 U.S.C. § 1337 in either its Notice of Removal or its Response to the OSC.  The sole basis of removal of this action is 28 U.S.C. § 1331.  *Response* 2:4-7.  The Court therefore determines that *Sea-Land Service* is wholly inapposite to Defendant's removal argument.

Defendant also cites *Joe Boxer Corp. v. Fritz Transp. Intl.,* 33 F. Supp. 2d 851 (C.D. Cal. 1998) and *The Continental Insurance Company v. Kawasaki Kisen Kaisha, Ltd. et al.,* 542 F. Supp. 2d 1031 (N.D. Cal. 2008) for the proposition that a claim alleging a "transportation" to which COGSA applies is removable on federal question grounds.  And, in fact, those cases do appear to support that proposition, as both held COGSA to be "completely preemptive."  *See Joe Boxer,* 33 F. Supp. 2d at 854; *Kawasaki,* 542 F. Supp. 2d at 1034.  The problem for Defendant, however, is that, as Defendant admits, Plaintiff does not allege a "transportation" here to which COGSA applies.  *See Response* 4:5-10.

In fact, COGSA, by its terms, "applies 'to every bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade.'"  *See Joe Boxer,* 33 F. Supp. 2d at 854-55 (quoting [46 U.S.C. §

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-597 PSG (MLGx) | Date | March 26, 2010 |
|----------|----------------------|------|----------------|
| Title | Fourcade & Hecht Wine Selections, Inc. v. Albatrans, Inc. | | |

30710]) (emphasis omitted).  Here, as Defendant notes, Plaintiff does not allege a contract for the carriage of goods in "foreign trade," as there is no mention in the complaint of the port of origin for the shipment at issue.  *See Response* 4:6-9.  Defendant maintains, in its Response to the Court's OSC, that the shipment's port of origin was Fos Sur Mer, France, *see id.* at 2:16-19, but Defendant submits no evidence—not even a declaration—to support this contention.  The Court therefore finds that Defendant has failed to meet its burden as the removing party to establish that this action is "completely preempted" by COGSA and, thus, properly removed.

Finally, the Court notes that Defendant offers no argument or authority to establish that either of the other two federal statutes it cites "completely preempt" Plaintiff's claim.  Defendant has therefore failed to meet its burden of establishing that Plaintiff's claim "arises under" federal law in a manner that supports removal of this action.

IV.   Conclusion

For the foregoing reasons, the Court finds Defendant Response to the Court's OSC to be insufficient.  Accordingly, the Court REMANDS this action to state court.


**IT IS SO ORDERED.**